NO. 07-09-0204-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MARCH 16, 2010

 EUTIMIO OLIVAS,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

 NO. 5793; HONORABLE KELLY G. MOORE, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Appellant Eutimio Olivas was convicted of two counts of indecency
with a child (his stepdaughter). In appealing those convictions, he
contends the evidence is legally and factually insufficient to support
them. The judgments are affirmed.
 We review challenges to the sufficiency of the evidence under the
standards discussed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App.
2006). Appellant was charged with intentionally and knowingly engaging in
sexual contact with the complainant by touching her anus and her breast.
He argues that the evidence shows at most that he only "attempted" to
commit indecency with a child because he did not actually touch the
complainant's breast or anus. We disagree.
 The complainant, who was fifteen at the time of trial, testified that
as appellant was waking her up, he put his hand "in my pants and my
underwear and started rubbing my butt all the way to where you use the rest-
room." Another time when she was sleeping, he rubbed her back, tried to
remove the strap of her bra, and touched the side of her breast. She
admitted that, prior to trial, she had never told anyone other than the
district attorney that appellant had touched her anus. However, this was
because she was young and did not explain the "details," she continued.
Furthermore, when asked if her "butt" encompassed only the "cheeks," she
replied that she "would consider it all of it." She also denied ever
"changing" her story. At other times, she also described the incidents as
being touched "almost to where you use the rest-room" and not being touched
on the breast but "[l]ike right here [demonstrative]." There was further
evidence that a police officer asked her if she had been touched by
appellant on her breast and she indicated she had not.
 Appellant gave a statement to police in which he admitted that he had
touched the complainant on the breast "under her blouse" and "under her
pants" on "her butt." However, at trial he explained that he had admitted
to those events because he believed he could keep his family together if he
did so but they did not happen the way he described them.
 Admittedly, the evidence as to the exact places where the complainant
was touched is conflicting. Yet, that alone does not render the evidence
insufficient. Watson v. State, 204 S.W.3d at 417 (stating that it is not
enough for a new trial that a conflict in the evidence would cause an
appellate court to disagree with the jury's resolution of the conflict).
The complainant did testify that she was rubbed up to where one uses the
restroom from which the jury could reasonably infer that she was touched on
her anus. See Hill v. State, 3 S.W.3d 249, 254 (Tex. App.-Waco 1999, pet.
ref'd) (stating that when the victim said she was touched in the place she
went to the bathroom, the jury could infer she was touched on her
genitals). She also stated at least once that she was touched on her
breast and appellant admitted to touching her on the breast. This
testimony is legally sufficient to sustain the convictions. Jensen v.
State, 66 S.W.3d 528, 534 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd)
(stating that the testimony of the complainant alone is sufficient to
support a conviction).
 The other evidence of record tends to place her credibility in
question. But, whether to believe or disbelieve her was a matter within
the jury's province, that is, for it to resolve. Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). We cannot say that the manner in
which it resolved the issue was so against the great weight of the evidence
as to undermine our confidence in it. That is, we see no manifest
injustice given the totality of the evidence before the jury.
 Accordingly, we overrule the issues, find the evidence to be both
legally and factually sufficient to support the verdicts, and affirm the
judgments of the trial court.

 Brian Quinn
 Chief Justice

Do not publish.